## TAYLOR AND WIFE v. WOODWARD.

The lines of a quarter-section of government land, which are distinctly marked by natural boundaries, and by stakes placed at convenient distances, so that the lines can be readily traced, are sufficient to authorize the occupant to maintain an action for a trespass thereon, under the provisions of the act of April 11, 1850.

It does not matter that such lines were marked out before the passage of the act, any more than it does that the possession was anterior to its passage.

Nor does it make any difference when the act has been repealed, if the plaintiff's right accrued and the trespass of the defendant occurred prior to such repeal. The right of action being complete, the repeal of the act would not divest such right.

Where plaintiff, and McDowell, her former husband, lived upon a lot in the town of Washington, and cultivated a small garden in 1849, and McDowell in that year died, leaving his widow in possession of said lot, and she, shortly after his death, laid out and marked off 160 acres of land, including the lot on which she resided, and laid out said tracts into town lots, and in 1850, the defendant entered upon one of the lots and built a house thereon, and, subsequently, in the same year, she consented to the appointment of defendant as administrator of her husband's estate, including the 160-acre tract : *Held,* that such consent did not operate as an estoppel against plaintiff's claim to such lot as was occupied by defendant before he was appointed administrator.

Such possession of the defendant was wrongful in the beginning, and its character was not changed by the act of plaintiff in consenting to the appointment of defendant as administrator.

APPEAL from the District Court of the Eleventh Judicial District, County of Yolo.

This was an action to recover the possession of certain lots in the town of Washington. The facts of the case, so far as necessary to illustrate the opinion, were substantially these : In the spring of 1849, James McDowell, and Margarette, his wife, were the owners of a small house, in which they then lived, and cultivated a small enclosed lot as a garden, near the house, being the same premises in which said Margarette has continued to

reside ever since the spring of 1849, said premises being embraced within the present boundaries of the town of Washington, in the county of Yolo. In the spring of 1849, James McDowell departed this life, leaving said Margarette as his widow, and five minor children by the said Margarette. After the death of McDowell, and about the month of August, 1849, the widow caused a survey to be made of 160 acres, including the premises in which she lived, and fronting on the Sacramento River; the lines of which are distinctly marked, either by natural boundaries or stakes placed at convenient distances, so that the lines could be readily traced. In April, 1850, said Margarette was living with Mahlan T. Coon as her husband, and in June, 1850, a portion of the 160-acre tract was laid out into town-lots. by said Margarette. The defendant entered upon the lots in dispute, in the summer of 1850, built a house thereon, and has continued to reside therein ever since. At the June Term, 1850, of the Probate Court of said county, letters of administration upon the estate of James McDowell, deceased, were granted to Mahlan T. Coon. At the October Term, 1850, of said Court, defendant, Woodward, was appointed administrator in the place of Coon, who had absconded from the State. Coon having died some time in 1850, the said Margarette intermarried with the plaintiff, E. C. Taylor, in 1851. This suit was commenced August 7, 1854, and judgment rendered for plaintiffs December 17, 1856, and the defendant appealed to this Court.

*Winans and Woodward* for Appellant.

*Ralston and Wallace* for Respondent.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

The first and most material point in the case is, whether Mrs Taylor can be considered as the owner of the premises in dispute as against the defendant. The 160-acre tract was not reduced to actual possession in the lifetime of the deceased, McDowell, except the small portion occupied by the house and garden.

There is no evidence in the record to show that the deceased, McDowell, claimed any portion of the premises in controversy. The possession of McDowell was limited to the house and garden, and did not include the lots described in the complaint.

By the provisions of the first section of the act of April 11, 1850, any person settled upon any of the unoccupied public lands of the United States, (except lands containing mines of the precious metals,) was authorized to maintain any action to protect his possession. The claim could not exceed the quantity of 160 acres, and the lines were required to be marked out so that they

could be readily traced. In this case the lines were properly designated. It does not matter that any were marked out *before* the passage of the act, any more than it does that the possession was anterior to its passage. The act was repealed in 1852; but the right of Mrs. Taylor accrued, and the trespass of the defendant occurred before the repeal. The right of action was, therefore, complete; and the repeal of the act of 1850 did not divest this right.

But it is urged, by the learned counsel for defendant, that plaintiffs are estopped from setting up any right to the possession of the premises in controversy, for the reason that Mrs. Taylor, during her widowhood, had consented to the administration of defendant upon the 160-acre tract as the property of the estate. Conceding that this consent was sufficiently shown by the testimony, it could not operate as an estoppel in favor of the defendant, as to the lots occupied by him *before* he became administrator. As to whether the plaintiffs would be estopped, as against purchasers under the orders of the Probate Court, it is not necessary to determine in this case. The defendant is not injured by this alleged consent, as he did not act upon it in taking possession of the premises. His possession was wrongful in the beginning, and its character has not been changed by any act of Mrs. Taylor.

Judgment affirmed.